JULY 9, 1801.

# Peter Moore *v.* Randolph and Nath. Harris.

*Upon an appeal from a decree of the Lexington District Court.*

1. Where it does not appear from the entry that the intention of the locator was otherwise, his entry should be surveyed as nearly in a square as the other calls in the entry will permit.

2. A call to run "nearly a south-east course," must be run due south-east, unless controlled by other calls.

The entry of the appellees is for 1,300 acres of land, on a north branch of Elkhorn, lying above William Grant's pre-emption and settlement, both of which had previously been entered with the surveyor, but neither of them had been surveyed.  It seems to this court that Grant's settlement should have been surveyed in a square, binding on the middle of the north or most northwardly line of English's survey of 2,000, as assignee, etc., and then that his pre-emption (which calls to adjoin his settlement) should have been surveyed to adjoin the eastwardly, northwardly, and westwardly lines thereof, and so as to be at equal distances from each of them.  And it further seems to this court that the most rational meaning of the call "above," when not explained by other calls, is immediately above; and that the meaning of "running nearly a south-east course for quantity," is running south-east for quantity from Grant's upper or south-eastwardly line.  The only remaining call

Moore *v.* Harris.

in the entry is, "including a mud spring at the head of the run;" which from the testimony is satisfactorily proven to be at the place marked in the surveyor's report, "Peter Moore's spring." Moreover, it seems to the court to be equitable that in this case, as well as every other, where it does not appear from the entry, that the intention of the locator was otherwise, the appellees should have made their survey as nearly in a square as the other calls in their entry would permit. That is to say, their survey should have been made to adjoin Grant's said lands on the upper side, and to include the mud spring as nearly opposite to the center of its upper and north-east boundary as the call "above William Grant's preemption and settlement" would permit. Which the court, by protraction, finds will be as follows: Beginning at the most eastwardly corner of Grant's pre-emption, when laid off as aforesaid, thence north-east so far as to meet their said north-east boundary; thence equal distances south-east and south-west, so far as to include the quantity of land their entry calls for; thence north-west to Grant's said upper line; and thence with the same to the beginning. Consequently the court is of opinion that the decree of the district court is erroneous.

Wherefore, it is decreed and ordered, that the decree of the said district court be reversed; and that the cause be remanded to the court from whence it came, that it may cause the surveyor of the county in which the land in contest is situated, to ascertain and report the metes, bounds and quantity, of so much of the land contained in the appellant's and appellees' surveys which have been made, and which likewise shall fall within the bounds of appellees' entry when laid off conformably to the foregoing opinion, and that the said court enter up a decree therefor to the appellees, and make such further decrees and orders in the cause as law and equity may require.

And it is further decreed and ordered, that appellees do pay unto the appellant the costs of this appeal, which is ordered to be certified to the said court.